# UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA
### Civil Action No. 1:18-cv-00774

|  |  |  |
|---|---|---|
| OFELIA GREY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **COMPLAINT** |
| | ) | |
| CENTRAL CREDIT SERVICES, LLC, | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |
| | ) | |

## I.  INTRODUCTION

1.    This action is brought by Plaintiff Ofelia Grey ("Plaintiff") for actual damages, statutory damages, and civil penalties against the Defendant Central Credit Services, LLC ("Defendant"), for violation of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA") and the North Carolina Collection Agency Act, N.C.Gen.Stat. §§ 58-70-1 *et seq.* ("NCCAA"), which prohibit debt collectors and collection agencies from engaging in abusive, deceptive, and unfair practices.

## II.  JURISDICTION

2.    Jurisdiction for the District Court for the Middle District of North Carolina arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.  Jurisdiction over

state law claims arises under 28 U.S.C. § 1367.

3.    Venue is proper in this district as all relevant events took place here.

## III.    <u>PARTIES</u>

4.    Plaintiff is an individual who resides in Graham, North Carolina.

5.    Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3), and NCCAA, N.C.Gen.Stat. § 58-70-90(2).

6.    Defendant is a corporation and collection agency located in Jacksonville, Florida.

7.    Defendant is engaged in the collection of debts from consumers using the mail and telephone.

8.    Defendant regularly attempts to collect consumer debts alleged to be due to another.

9.    Defendant engages, directly or indirectly, in debt collection from consumers.

10.    Defendant holds a collection agency license from the North Carolina Department of Insurance, as required by N.C.Gen.Stat. § 58-70-1.

11.    Defendant was and is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

12.    Defendant was and is a "collection agency" as defined by the NCCAA,

N.C.Gen.Stat. §§ 58-70-15(a) and 58-70-90(1).

## IV.   FACTUAL ALLEGATIONS

### A.   The Debt, Plaintiff's Bankruptcy, and Defendant's Attempt to Collect

13.   Plaintiff used ADT's home security services at a previous residence in New York.

14.   Prior to moving to North Carolina, Plaintiff ceased use of ADT's services.

15.   Plaintiff was unable to pay for ADT's services, resulting in a balance allegedly owed to ADT ("the Debt").

16.   The Debt was incurred for personal, family, or household purposes, *i.e.*, security services for her residence.

17.   Defendant obtained the Debt after it entered default.

18.   Plaintiff has never used any services offered by ADT at her residence in North Carolina.

19.   On September 15, 2017, Plaintiff filed a petition for relief under Chapter 7 of the Bankruptcy Code ("the Petition"). *See* Voluntary Petition, Case # 17-11040, Bankr.M.D.N.C., Docket Entry 1 ("DE __"). Plaintiff listed the Debt on Schedule E/F, with an amount allegedly due of $197.85. *Id.* at p. 23.

20.   Upon the filing of the Petition, an automatic stay was imposed on any

act to collect, assess, or recover a claim against Plaintiff that arose before the filing of the Petition. *See* 11 U.S.C. § 362(a)(6). The Debt is "a claim" as used in this paragraph.

21.     Upon the filing of the Petition, Defendant was prohibited from attempting to collect the Debt from Plaintiff.

22.     On September 20, 2017, the Bankruptcy Noticing Center sent ADT actual notification of Plaintiff's Petition via U.S. first class mail. *See* Case #Case # 17-11040, Bankr.M.D.N.C., DE 9, p. 1.

23.     Despite the automatic stay's prohibition on any attempt to collect the Debt, upon information and belief ADT referred the Debt to Defendant to attempt to collect it.

24.     Upon information and belief, Defendant took no steps to investigate, audit, or otherwise check to confirm that the Debt was a valid, collectable debt, nor that a bankruptcy had been filed, nor that an automatic stay was in place that prohibited it from attempting to collect the Debt.

25.     By correspondence dated December 6, 2017, Defendant arranged for the preparation and transmittal of a letter to the Plaintiff at Plaintiff's residence in an attempt to collect the Debt.

26.     Defendant's December 6, 2017, letter was mailed to Plaintiff's address,

which is the same address contained in the Petition. Case # 17-11040, Bankr.M.D.N.C., DE 1, p. 2.

27.     Defendant's December 6, 2017, letter refers to ADT as the creditor of a debt in the amount of $197.85.

28.     Defendant's December 6, 2017, letter states in part:

> This claim has been sent to us for collection. If you are unable to remit the balance of your account we kindly ask that you contact our office so we can assist you in the repayment of your account.
>
> ***
>
> This communication is from a debt collector. This is an attempt to collect a debt and any information obtained shall be used for that purpose.
>
> ***
>
> Please Detach And Return in The Enclosed Envelope With Your Payment

29.     On or about December 6, 2017, Defendant placed a telephone call in an attempt to collect the Debt.

30.     Defendant lacked legal authority to attempt to collect the Debt after the Petition was filed.

31.     Defendant's request for payment was an act to collect, assess, or recover a claim against Plaintiff that arose before the filing of the Petition.

32.     Even though Defendant lacked legal authority to attempt to collect the Debt after the Petition was filed, Defendant attempted to collect the Debt and demanded payment.

33.     Upon information and belief, Defendant made additional attempts to collect from Plaintiff, both by mail and telephone.

34.     By successfully contacting Plaintiff and attempting to collect the Debt, even though it lacked the legal authority to do so and was prohibited from doing so, Defendant caused Plaintiff to suffer anxiety, fear, privacy loss, emotional distress, and waste of time.

35.     Plaintiff demands a trial by jury over all claims.

**B.     The Fair Debt Collection Practices Act**

36.     "In interpreting the demands of the FDCPA, we bear in mind that the statute was enacted 'to eliminate abusive debt collection practices' which 'contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.' 15 U.S.C. § 1692(a), (e)." *Miller v. Payco-General American Credits, Inc.*, 943 F.2d 482, 483-84 (4th Cir. 1991).

37.     "The FDCPA protects consumers from abusive and deceptive practices by debt collectors, and protects non-abusive debt collectors from competitive disadvantage. 15 U.S.C. § 1692e. Section 1692e forbids the use of 'any false,

deceptive, or misleading representation or means' in debt collection, and provides a non-exhaustive list of prohibited conduct, including:*** (10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *United States v. National Financial Servs.*, 98 F.3d 131, 135 (4th Cir. 1996). Additionally, Section 1692e forbids the "threat to take any action that cannot legally be taken..." 15 U.S.C. § 1692e(5).

38.     The FDCPA is a strict liability statute. *National Financial Servs.*, 98 F.3d at 139 ("evidence of actual deception is unnecessary"); *Davis v. Trans Union, LLC*, 526 F.Supp.2d 577, 586 (W.D.N.C. 2007). "[Section] 1692e(2)(A) creates a strict-liability rule. Debt collectors may not make false claims, period." *Randolph v. IMBS, Inc.*, 368 F.3d 726, 730 (7th Cir. 2004).

39.     Violations of Section 1692e are viewed from the perspective of the "least sophisticated consumer." *National Financial Servs.*, 98 F.3d at 135-36. "[E]valuating debt collection practices with an eye to the 'least sophisticated consumer' comports with basic consumer-protection principles." *Id.* at 136. The purpose of that standard "is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Id.* at 136 *quoting Clomon v. Jackson*, 988 F.2d 1314, 1318 (2nd Cir. 1983).

40.     "That it may be obvious to specialists or the particularly sophisticated that a given statement is false or inaccurate does nothing to diminish that

statement's 'power to deceive others less experienced.' " *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 453 (3d Cir. 2006) quoting *Federal Trade Comm'n v. Standard Educ. Soc'y*, 302 U.S. 112, 116, 58 S.Ct. 113, 82 L.Ed. 141, 25 F.T.C. 1715 (1937). "As Justice Black has observed, our laws 'are made to protect the trusting as well as the suspicious,' and this is particularly the case within the realm of consumer protection laws." *Id.*

41.     Significantly, "[T]he FDCPA's prohibition against false or misleading information in collection notices ... is unequivocal." *Wahl v. Midland Credit Mgmt.*, 556 F.3d 643, 645 (7th Cir. 2009).

42.     "A demand for immediate payment while a debtor is in bankruptcy (or after the debt's discharge) is 'false' in the sense that it asserts that money is due, although, because of th automatic stay [] or the discharge injunction [], it is not. A debt collector's false statement is presumptively wrongful under the [FDCPA] [], even if the speaker is ignorant of the truth; but a debt collector that exercises care to avoid making false statements has a defense under § 1692k(c)." *Randolph*, 368 F.3d at 728 (internal citations omitted).

## C.     The North Carolina Collection Agency Act

43.     The NCCAA shares similar purposes and provisions with the FDCPA, including the prohibition of false, deceptive, and misleading representations, *cf* N.C.Gen.Stat. § 58-70-110 and 15 U.S.C. § 1692e, and unfair practices. *Cf.*

N.C.Gen.Stat. § 58-70-115 and 15 U.S.C. § 1692f.  As such, the FDCPA standards established by the Fourth Circuit may be used as a model for analyzing collection agency communications under the NCCAA. *See DIRECTV, Inc. v. Cephas*, 294 F. Supp. 2d 760, 763 (M.D.N.C. 2003). *See ¶¶ 35-41, supra*.

44.    North Carolina "hold[s] debt collection agencies regulated under Chapter 58 to a higher standard … than the standard to which other entities engaged in debt collection are held under" other state statutes. *Simmons v. Kross Lieberman & Stone, Inc.*, 746 S.E.2d 311, 316 (N.C.Ct.App. 2013).

45.    By attempting to collect the Debt from Plaintiff without the legal authority to do so and by demanding payment while Plaintiff's bankruptcy case remained active with the automatic stay in place, Defendant unfairly engaged in collection activity expressly prohibited by law, and falsely represented the character of the Debt and its status in any legal proceeding.

## V.    COUNT ONE – FAIR DEBT COLLECTION PRACTICES ACT

46.    Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

47.    Defendant's violations of the FDCPA include, but are not limited to:

A.    using any false, deceptive, or misleading representation or means in connection with the collection of any debt, in violation of 15 U.S.C. §§ 1692e and e(10); and

B.     falsely representing the character, amount, or legal status of any debt, in violation of 15 U.S.C. § 1692e(2)(A).

48.     As a result of Defendant's violations of the FDCPA, Plaintiff is entitled to an award of actual damages, statutory damages, costs, and reasonable attorney fees.

## VI.     <u>COUNT TWO – NORTH CAROLINA COLLECTION AGENCY ACT</u>

49.     Plaintiff repeats, realleges, and incorporates by reference the foregoing paragraphs.

50.     Defendant's violations of the NCCAA include, but are not limited to:

A.     collect[ing] or attempt[ing] to collect a debt alleged due and owing from a consumer by means of any unfair threat, coercion or attempt to coerce, in violation of N.C.Gen.Stat. § 58-70-95;

B.     collecting or attempting to collect a debt or obtain information concerning a consumer by any fraudulent, deceptive or misleading representation, in violation of N.C.Gen.Stat. § 58-70-110;

C.     falsely representing the character, extent or amount of a debt against a consumer or of its status in any legal proceeding, in violation of N.C.Gen.Stat. § 58-70-110(4); and

D.     attempting to collect any debt by use of any unfair practices, in violation of N.C.Gen.Stat. § 58-70-115.

51.     As a result of Defendant's violations of the NCCAA, Plaintiff is entitled to an award of actual damages, civil penalties, costs, and reasonable attorney fees.

## VII.  REQUEST FOR RELIEF

WHEREFORE, Plaintiff Ofelia Grey requests that judgment be entered in her

favor against Defendant Central Credit Services, LLC for:

A.  Actual damages to be determined by a jury at trial;

B.  Statutory damages in the amount of $1,000, pursuant to 15 U.S.C. § 1692k(a)(2);

C.  Civil penalties in the amount of $500 - $4,000 for each violation, pursuant to N.C.Gen.Stat. § 58-70-130(b);

D.  Costs and reasonable attorney fees pursuant to 15 U.S.C. § 1692k(a)(3) and N.C.Gen.Stat. § 75-16.1; and

E.  For such other relief as the Court may find to be just and proper.


Dated: September 11, 2018

/s/ Craig M. Shapiro
Craig M. Shapiro
Attorney for Plaintiff
Law Offices of John T. Orcutt, P.C.
1738 Hillandale Road, Suite D
Durham, North Carolina 27705
Telephone: (919) 286-1695
Email: cshapiro@johnorcutt.com
State Bar No. 48887